**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHENR DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ASHLEY COLBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| NCC BUSINESS SERVICES, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, ASHLEY COLBERT, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, NCC BUSINESS SERVICES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the OCSPA, Ohio Rev. Code § 1345.01, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Parma, Ohio.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Valley York/SD Niederst.

6.      On information and belief, Defendant is a corporation of the State of Florida, which is not licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.      On or about May 4, 2009, Defendant mailed a letter to Plaintiff seeking collection of the aforementioned alleged debt.  A copy of said letter is attached hereto as Exhibit 1.

8.      Upon receipt of Defendant's letter, Plaintiff sought the assistance of her fiancée, James Doyle (hereinafter "Doyle"), in dealing with Defendant regarding this matter.

9.      On our about May 11, 2009, Doyle spoke with a representative of Defendant who identified herself Ms. Chambers (hereinafter "Chambers").  Doyle asked Chambers for the address to which Plaintiff could send a letter disputing the validity of the debt, as explained by Defendant in the aforementioned letter (Exhibit 1).  Chambers told Doyle that Plaintiff had no right to dispute the debt and that Plaintiff "did not have leg to stand on."  Chambers refused to give Doyle the requested information.  Chambers further stated to Doyle that if Plaintiff did not pay the amount requested by May 15, 2009, that the alleged debt would appear on Plaintiff's credit reports that day.

10. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10);

    b. Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b); and

    c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ASHLEY COLBERT, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for each violation of the FDCPA;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

12. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

13. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

14. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

15. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

16. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

17. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

18. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, ASHLEY COLBERT, respectfully prays for judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Such other and further relief as may be necessary, just and proper.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
David@LuxenburgLevin.com